UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DESIREE ERWIN,<br><br>Plaintiff<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 8:15-cv-1000 (GJS)<br><br>**MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Erwin raises three errors in the decision of the social security administrative law judge ("ALJ") in denying benefits: that he improperly rejected the opinions of treating physician Jong Park; that he improperly rejected the opinion of treating orthopedic surgeon Edwin Ashley; and that he improperly found Erwin to be less than fully credible. For the reasons that follow, the Court reverses the Commissioner's decision and remands for further proceedings.

## PROCEDURAL HISTORY

On March 27, 2012, Erwin filed an application for disability insurance benefits based on the onset of a disability commencing December 21, 2010. [Admin. Rec. ("AR") 182-88.] After the Commissioner denied benefits on initial review and

reconsideration, a hearing was held before ALJ Kyle Andeer on October 11, 2013. [AR 49-85.] The ALJ issued a decision on November 27, 2013 finding Erwin not to be disabled. [AR 22-42.] Erwin sought review from the Appeals Council. After considering the additionally submitted medical evidence, the Appeals Council denied the request for review on April 23, 2015. [AR 1-7.] This appeal followed.

## ADMINISTRATIVE DECISION UNDER REVIEW

At Step One, the ALJ found that Erwin had not engaged in substantial gainful activity since December 21, 2010. [AR 27.][1] At Step Two, the ALJ concluded that Erwin suffered from the severe impairment of status post thoracic fusion with chronic pain. [*Id.*] At Step Three, the ALJ found that Erwin did not suffer from an impairment or combination of impairments rising to the level of a listed impairment. [AR 30.]

After considering the medical evidence and hearing testimony, the ALJ found that Erwin could perform only sedentary work, with the additional limitation that she be able "to alternate between sitting and standing every hour for a few minutes[.]" [AR 32.] Based on that residual functional capacity and after consulting a vocational expert, the ALJ concluded that Erwin could not perform any of her past relevant work but that she could perform the jobs of lens inserter, bench

---

[1] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows: (1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two; (2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four; (4) Is the claimant capable of performing her past work? If so, the claimant is found not disabled. If not, proceed to step five; (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled. 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

assembler, and jewelry preparer—all positions readily available in the national economy. [AR 36.]

## GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## DISCUSSION

**I. The ALJ Erroneously Gave Dr. Park's Testimony No Weight.**

The opinions of Dr. Jong Park, Erwin's family practitioner, are contained in two documents: a November 8, 2012 questionnaire and an April 16, 2013 letter. [*See* AR 712-20; AR 1020.] In addition, the record includes treatment notes from a November 6, 2012 visit. [AR 1008-11.] Taking the questionnaire and the letter together, the ALJ summarized Park's opinion as follows: that Erwin could not complete a full workday of meaningful work, indefinitely, based on Erwin's chronic low back pain with disc disease, lumbar disc disease with radiculopathy, depression, anxiety, acute stress disorder, menorrhagia, and dysfunctional uterine bleeding. [AR 33.] After summarizing the questionnaire and letter, the ALJ gave Park's opinion "no weight" because

> most of the impairments mentioned as the cause of the limitations alleged are not severe within the definition of severity given in the regulations and rulings governing social security disability cases. Since there is no

3

> distinction made as to what impairment causes what limitation, the entire opinion is not valid because of the reliance on impairments that are not severe and as such do not cause limitations in the claimant's retained work capacity.

[*Id.*.]

Where (such as here) a treating physician's opinion is contradicted by another doctor's opinion, an ALJ may not reject the opinion without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). "This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Garrison*, 759 F.3d at 1012 (quoting *Orn*, 495 F.3d at 633).

The ALJ's sole reason for rejecting Dr. Park's opinion—that it relied on a combination of severe and non-severe impairments—is not legitimate, for both legal and factual reasons. Factually, the questionnaire opines separately on the physical and psychological issues, and so no substantial evidence supports the ALJ's decision to give no weight to Park's opinion in the ***questionnaire***. Specifically, Park describes Erwin's physical impairments up until Question 20, mentions depression separately in Question 21, and then continues to render opinions where he describes the source of the symptoms (*i.e.*, mental or physical). [AR 712-18.]

The ALJ's opinion is also legally erroneous. It is bedrock law that "[t]he ALJ is required to consider all of the limitations imposed by the claimant's impairments, even those that are not severe." *Carmickle*, 533 F.3d at 1164. And for good reason: "in combination with other impairments, non-severe limitations may contribute to rendering a claimant disabled." *Case v. Astrue*, 425 Fed. App'x 565, 567 (9th Cir. 2011) (citing *Carmickle*, 533 F.3d at 1164; *see* Soc. Sec. R. ("SSR") 96-8p (1996) (explaining that even though a non-severe "impairment[ ] standing alone may not

4

significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim."). Here, however, the ALJ discounted Park's opinion because it relied on non-severe impairments, which the ALJ concluded "do not cause limitations in the claimant's retained work capacity." That analysis violates *Carmickle*.

The Court cannot conclude that the ALJ's error was harmless. Where an ALJ has committed legal error, "[r]eversal on account of error is not automatic, but requires a determination of prejudice." *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012). "ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination' and … 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (quoting *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055-56 (9th Cir. 2006)). The Court cannot so confidently draw such an opinion, and so remand is appropriate.

**II. The Court Does Not Decide the Other Issues Raised By Erwin.**

The other issues Erwin raises on appeal are whether the ALJ properly considered Dr. Ashley's opinions and whether the ALJ improperly rejected her credibility. Although the Court does not decide these issues, other than to determine that they do not warrant immediate payment of benefits, the Court instructs the ALJ to consider whether modification of its opinion is necessary in light of Erwin's other arguments.

## CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

5

1  (1) the decision of the Commissioner is REVERSED and this matter
2  REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further
3  administrative proceedings consistent with this Memorandum Opinion and
4  Order; and
5  (2) Judgment be entered in favor of Plaintiff.
6  **IT IS HEREBY ORDERED.**

8  DATED: March 14, 2016   _____
                           GAIL J. STANDISH
                           UNITED STATES MAGISTRATE JUDGE